## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WENDY LUGO, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br><br>FINANCIAL RECOVERY SERVICES, INC.; and JOHN DOES 1-25.<br><br>Defendant(s). | Civil Case No.:_____<br><br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Wend Lugo, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, FINANCIAL RECOVERY SERVICES, INC. (hereinafter "FRS"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of the State of New Jersey, County of Hudson, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      FRS is a corporation with its business located at 4510 W. 77th Street, Suite 200, Edina, Minnesota 55435.

8.      Upon information and belief, Defendant FRS is a business that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      FRS is a "debt collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10.     John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their

successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a statewide class action. The Class consists of:

> **Class:**
>
> All New Jersey consumers who were sent letters and/or notices from FRS attempting to collect a debt for LVNV FUNDING LLC that was time-barred by the statute of limitations, without disclosing that FRS or LVNV FUNDING LLC was barred from taking any legal action to collect the obligation.
>
> **Sub-Class:**
>
> All New Jersey consumers who were sent letters and/or notices from FRS attempting to collect a debt for LVNV FUNDING LLC that was time-barred by the statute of limitations and offered a repayment of multiple payments, which did not disclose that the applicable statute of limitations could reset or begin anew upon making the payments or upon entering into an agreement to begin making payments.

- The Class period begins one year to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in

accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a.  Whether Defendant violated various provisions of the FDCPA;

  b.  Whether Plaintiff and the Class have been injured by Defendants' conduct;

  c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

14.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15.    FRS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16.    FRS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

17.    Sometime prior to February 2011, Plaintiff allegedly incurred a financial obligation to GE Capital Corp. for an Old Navy charge account ("GE CAPITAL").

18.     On or before March 23, 2006, the GE CAPITAL obligation was declared to be in default.

19.     Plaintiff's last payment on the GE CAPITAL obligation was made on or before November 18, 2005.

20.     GE CAPITAL is a "creditor" as defined by 15. U.S.C. §1692a(4).

21.     Sometime subsequent to March 23, 2006, GE CAPITAL, either directly or through intermediate transactions assigned, placed, or transferred the GE CAPITAL obligation to LVNV FUNDING LLC.

22.     At the time the GE CAPITAL obligation was assigned, placed, or transferred to LVNV FUNDING LLC, such obligation was in default.

23.     Sometime subsequent to March 23, 2006, LVNV FUNDING LLC, either directly or through intermediate transactions assigned, placed, or transferred the GE CAPITAL obligation to FRS for the purpose of collection.

24.     At the time the GE CAPITAL obligation was assigned, placed, or transferred to FRS, such obligation was in default.

25.     FRS, caused to be delivered to Plaintiff a letter dated January 12, 2015 concerning the alleged GE CAPITAL obligation, which sought a balance of $669.08.  A copy of said letter is annexed hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

26.     The January 12, 2015 letter from FRS to Plaintiff provided an itemization of the alleged balance due:

PRINCIPAL BALANCE: $442.53

INTEREST BALANCE: $226.55

BALANCE DUE: $669.08

27.     The January 12, 2015 letter was sent or caused to be sent by persons employed by FRS as a "debt collector" as defined by 15 U.S.C. §1692a(6).

28.     The January 12, 2015 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

29.     Upon receipt, Plaintiff read the January 12, 2015 letter.

30.     FRS contends that the alleged GE CAPITAL obligation is in default.

31.     The alleged GE CAPITAL obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

32.     The January 12, 2015 letter offered Plaintiff repayment options on the GE CAPITAL debt:

- **1. (   )  MY ACCOUNT WILL BE PAID IN FULL BY A ONE-TIME PAYMENT EQUIVALENT TO THE ABOVE BALANCE; OR**

- **2. (   )  MY ACCOUNT WILL BE SETTLED IN FULL BY A ONE-TIME PAYMENT EQUILAVENT TO 50.00% OF THE ABOVE REFERENCED BALANCE IN THE AMOUNT OF $334.54; OR**

- **3. (   )  MY ACCOUNT WILL BE SETTLED IN FULL BY THREE CONSECUTIVE MONTHLY PAYMENTS EQUILAVENT TO 65.00% OF THE ABOVE REFERENCED BALANCE FOR A TOTAL REPAYMENT OF $434.90; OR**

- **4. (   )  I WILL MAKE A MONTHLY PAYMENT THAT IS AFFORDABLE TO ME AT THIS TIME AS FOLLOWS, I WILL PAY $_____ MONTHLY UNTIL ANOTHER AGREEMENT IS NEGOTIATED.**

**PAYMENTS WILL BE SENT ON OR BEFORE THE _____ OF EACH MONTH.**

31.     The January 12, 2015 letter also stated that:

- **FOR OFFERS 2 AND 3 ABOVE, WHEN YOU HAVE SATISFIED THIS AGREEMENT, THE ACCOUNT(S) WILL BE CONSIDERED SETTLED IN FULL FOR LESS THAN THE FULL BALANCE AND YOU WILL BE RELEASED OF ALL LIABILITY RELATIVE TO THE ABOVE LISTED ACCOUNT(S).**

32.     The January 12, 2015 letter does not inform Plaintiff that the GE CAPITAL obligation is beyond the applicable statute of limitations.

33.     The January 12, 2015 letter does not inform Plaintiff that FRS and/or LVNV FUNDING LLC is barred from taking any legal action to collect the GE CAPITAL obligation.

34.     The January 12, 2015 letter does not inform Plaintiff that should she choose to accept FRS's settlement offers that the applicable statute of limitations could reset or begin anew.

35.     The January 12, 2015 letter does not inform Plaintiff that should the applicable statute of limitations reset or begin anew, LVNV FUNDING LLC or a subsequent creditor may have the right commence legal action, which otherwise would have been barred.

36.     The applicable statute of limitations related to the GE CAPITAL obligation is six (6) years or less.

37.     The January 12, 2015 letter does not inform Plaintiff that the applicable statute of limitations has expired and therefore any potential liability related to the GE CAPITAL obligation has also already expired.

38.     The January 12, 2015 letter's use of the phrase "released of all liability" implies to the least sophisticated consumer that the GE CAPITAL obligation is still legally enforceable.

39.     FRS has never held a license under authority of the New Jersey Licensed Lenders Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

40.     LVNV FUNDING LLC has never held a license under authority of the New Jersey Licensed Lenders Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

41.     At no time was FRS authorized to charge or add interest to Plaintiff's account.

42.     At no time was FRS authorized to collect interest on Plaintiff's account.

43.     At no time was LVNV FUNDING LLC authorized to charge or add interest to Plaintiff's account.

44.     At no time was LVNV FUNDING LLC authorized to collect interest on Plaintiff's account.

45.     FRS regularly collects or attempts to collect debts which are time-barred.

46.     FRS regularly sends letters seeking to collect debts, which are time-barred, that do not disclose the fact that the debt is time-barred.

47.     FRS regularly sends letters seeking to collect debts, which are time-barred, that offer monthly payment plans.

48.     FRS regularly sends letters seeking to collect debts, which are time-barred, that offer monthly payment plans, and do not inform the consumer that the applicable statute of limitations could reset or begin anew upon making the first monthly payment or by entering into an agreement to repay.

49.     FRS regularly sends letters seeking to collect debts, which are time-barred, that offer monthly payment plans, and do not inform the consumer that the applicable statute of

limitations could reset or begin anew, which could allow the creditor the option of commencing legal action, which otherwise would be barred by the applicable statute of limitations.

50.     The Federal Trade Commission has determined that "most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are time-barred by the statute of limitations. United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC, Case No.; 8:12-cv-182-T-27EAJ 9M.D.Fla).

## POLICIES AND PRACTICES COMPLAINED OF

51.     It is FRS's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a)     Using false, deceptive or misleading representations or means in
            connection with the collection of a debt;

    (b)     Threatening to take any action that cannot legally be taken or that is not
            intended to be taken; and

    (c)     Using unfair or unconscionable means to collect or attempt to collect any

            debt.

52.     On information and belief, FRS has sent written communications, in the form annexed hereto as Exhibit A and Exhibit B to at least 30 natural persons in the State of New Jersey.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

53.     Plaintiff repeats the allegations contained in paragraphs 1 through 52 as if the same were set forth at length.

54.     Collection letters and/or notices, such as those sent by the Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

55.     FRS engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(5), 1692e(10) and 1692f.

56.     Section 1692e of the FDCPA provides:

**§1692e.          False or misleading representation [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the application of the foregoing, the following conduct is a violation:**

**(2)     The false representation of --**
**(A)        the character, amount, or legal status of any debt;...**

**(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken...**
**(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer...**

57.     Section 1692f of the FDCPA provides:

**§1692f.          Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt...**

**WHEREFORE,** Plaintiff demands judgment against the Defendant on each count as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorneys, Joseph K. Jones, Esq. and Glen H. Chulsky, Esq., as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Pre-judgment interest;

(d)     Post judgment interest; and

(e)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: October 22, 2015

_s/ Joseph K. Jones_ _____
Joseph K. Jones, Esq.
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

_s/ Glen Chulsky_ _____
Glen H. Chulsky, Esq.
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

/s/ Joseph K. Jones
Joseph K. Jones (JJ-5509)

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: October 22, 2015

s/ Joseph K. Jones
Joseph K. Jones, Esq.

# Exhibit

# A

DEPT 813    8480671515018
PO BOX 4115
CONCORD CA  94524

**FINANCIAL RECOVERY SERVICES, INC.**

**P.O. Box 385908**
**Minneapolis, MN  55438-5908**
1-866-418-9057

RETURN SERVICE REQUESTED

January 12, 2015

IlllmIuIlllmIlumIlumIhImmIhIlhImIhlmIhIl

WENDY LUGO
5604 HUDSON AVE APT 21
WEST NEW YORK NJ 07093-2626

CURRENT CREDITOR: LVNV FUNDING LLC
ORIGINAL CREDITOR:  GENERAL ELECTRIC CAPITAL CORPO
REGARDING: OLD NAVY
ACCOUNT NUMBER: XXXXXXXXXXXX4956
DATE OF LAST PAYMENT: 11/18/05
CHARGE-OFF DATE: 03/23/06

**BALANCE ITEMIZATION**
PRINCIPAL BALANCE: $442.53
INTEREST BALANCE: $226.55
BALANCE DUE: $669.08
FRS FILE NUMBER: 
ON-LINE PIN NUMBER: 
(Used to access and view your file on  WWW.FIN-REC.COM)

**\*\*\*\*\*\*ACCOUNT REDUCTION OPPORTUNITIES\*\*\*\*\*\***

\*\*\*\*\*\*AS OF THE DATE OF THIS NOTICE YOU OWE $669.08 AND WE ARE NOW AUTHORIZED TO OFFER YOU THE FOLLOWING OPPORTUNITIES:

1.   (  ) MY ACCOUNT WILL BE PAID IN FULL BY A ONE-TIME PAYMENT EQUIVALENT TO THE ABOVE BALANCE; OR

2.   (  ) MY ACCOUNT WILL BE SETTLED IN FULL BY A ONE-TIME PAYMENT EQUIVALENT TO 50.00% OF THE ABOVE REFERENCED BALANCE IN THE AMOUNT OF $334.54; OR

3.   (  ) MY ACCOUNT WILL BE SETTLED IN FULL BY THREE CONSECUTIVE MONTHLY PAYMENTS EQUIVALENT TO 65.00% OF THE ABOVE REFERENCED BALANCE FOR A TOTAL REPAYMENT OF $434.90; OR

4.   (  ) I WILL MAKE A MONTHLY PAYMENT THAT IS AFFORDABLE TO ME AT THIS TIME AS FOLLOWS, I WILL PAY $_____ MONTHLY UNTIL ANOTHER AGREEMENT IS NEGOTIATED. PAYMENTS WILL BE SENT ON OR BEFORE THE _____ OF EACH MONTH.

PLEASE MARK YOUR CHOICE WITH AN "X" IN THE SPACE PROVIDED AND FORWARD WITH YOUR PAYMENT TO THE ADDRESS LISTED BELOW OR PAY ONLINE. WE ARE NOT OBLIGATED TO RENEW OFFERS 2 THROUGH 4 ABOVE. FOR OFFERS 2 AND 3 ABOVE, WHEN YOU HAVE SATISFIED THIS AGREEMENT, THE ACCOUNT(S) WILL BE CONSIDERED SETTLED IN FULL FOR LESS THAN THE FULL BALANCE AND YOU WILL BE RELEASED OF ALL LIABILITY RELATIVE TO THE ABOVE LISTED ACCOUNT(S). LVNV FUNDING LLC IS REQUIRED BY THE IRS TO PROVIDE INFORMATION ABOUT CERTAIN AMOUNTS THAT ARE DISCHARGED AS A RESULT OF A CANCELLATION OF A DEBT ON A FORM 1099C. IF LVNV FUNDING LLC IS REQUIRED TO NOTIFY THE IRS, YOU WILL RECEIVE A COPY OF THE FORM 1099C THAT IS FILED WITH THE IRS. WE RECOMMEND THAT YOU CONSULT INDEPENDENT TAX COUNSEL OF YOUR OWN CHOOSING IF YOU DESIRE ADVICE ABOUT ANY TAX CONSEQUENCES WHICH MAY RESULT FROM THIS SETTLEMENT.

FOR ASSISTANCE, PLEASE FEEL FREE TO CALL US AT THE TOLL FREE NUMBER LISTED BELOW OR USE OUR ONLINE CONSUMER HELP DESK.  FRS NOW ACCEPTS SOME FORMS OF PAYMENT ONLINE AT WWW.FIN-REC.COM.  SEE YOUR ONLINE ACCESS PIN ABOVE.  IF YOU ARE SENDING YOUR PAYMENT BY OVERNIGHT DELIVERY, PLEASE USE THE FOLLOWING ADDRESS: 4510 W. 77TH ST, SUITE 200, EDINA, MN 55435.

SINCERELY,
BRANDON MOLINA
ACCOUNT MANAGER
TOLL FREE: 1-866-418-9057

THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
**SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**
Office hours are: Monday-Thursday, 7am to 8pm; Friday 7am to 5pm; Saturday 7am to noon.

- - - - - - - - - - - - - - - - - - - **\*\*\*DETACH AND RETURN THIS PORTION OF THIS NOTICE WITH YOUR PAYMENT\*\*\*** - - - - - - - - - - - - - - - - - - -
NOTE:  ANY CHECK RETURNED FOR INSUFFICIENT FUNDS OR ACCOUNT CLOSED WILL BE ASSESSED A $15.00 CHARGE.

Amount Enclosed: _____

Home Phone: _____

Work Phone: _____

WENDY LUGO
5604 HUDSON AVE APT 21
WEST NEW YORK, NJ 07093-2626

PLEASE CHECK YOUR PAYMENT OPTION BELOW:
( ) PAID IN FULL – $669.08
( ) SETTLED IN FULL – $334.54
( ) SETTLED IN 3 EQUAL PAYMENTS TOTALING – $434.90
( ) MONTHLY PAYMENT PLAN OF: $_____ BY ____ OF EACH MONTH

FINANCIAL RECOVERY SERVICES, INC.
P.O. BOX 385908
MINNEAPOLIS, MN  55438-5908
IlIlllmIlumlIlCulImIIllIIIIumIhImhlhImhmIhlhmIhm

**TOTAL BALANCE DUE: $669.08**

FRS File#: 

TOLL FREE: 1-866-418-9057